UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE: INSURANCE BROKERAGE ANTITRUST LITIGATION | : <br> : Hon. Faith S. Hochberg <br> : <br> : Civil Nos. 04-5184, 05-1064, 05-1079, 05-1167, 05-1168, 05-1214, 05-1368, 05-1793, 05-1794, 05-1795, 05-1796, 05-1797, 05-1798, 05-1800, 05-1801 <br> : <br> : MDL No. 1663 <br> : <br> : **MEMORANDUM ORDER** <br> : <br> : Date: June 24, 2005 |

**HOCHBERG, District Judge:**

## INTRODUCTION

This matter comes before the Court upon Defendant Aon's motion for a stay of federal proceedings under the *Colorado River* abstention doctrine and under the Court's general discretionary authority. A similar action is currently pending against Aon in the state court of Illinois which has settled and is awaiting a fairness hearing. The Court decides the motion on the papers in accordance with Fed. R. Civ. P. 78.

## DISCUSSION

It is "well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 quoting *McClellan v. Carland*, 217 U.S. 268 (1910); *accord Chicot County v. Sherwood*, 148 U.S. 529, 534 (1893).

"The general rule regarding simultaneous litigation of similar issues in both state and federal courts is that both actions may proceed until one has come to judgment, at which point that judgment may create a res judicata or collateral estoppel effect on the other action." *University of Maryland v. Peat Marwick Main & Co.*, 923 F.2d 265, 275-76 (3d Cir. 1991). Federal abstention under *Colorado River* is only appropriate in "extremely limited," *Ryan v. Johnson*, 115 F.3d 193, 195 (3d Cir. 1997), or "exceptional" circumstances. *Colorado River*, 424 U.S. at 813.

Courts analyze whether *Colorado River* abstention is appropriate by determining whether the federal case is sufficiently parallel to the state case. *E.g., Trent v. Dial Medical of Florida, Inc.*, 33 F.3d 217, 223 (3d Cir. 1994). "Cases that are not truly duplicative do not invite *Colorado River* deference." *Id*. The Court must compare the state action with the federal action and determine whether the two actions have "the same parties and claims." *Id*.

In the case at bar, there are dozens of defendant insurance brokerages and defendant insurance companies, and there are many plaintiffs who purchased insurance from them. In the state case, Aon is the only defendant and the only plaintiffs are those who purchased insurance through Aon. Furthermore, the suit before this Court involves federal claims including RICO, Sherman Act, and Robinson-Patman Act claims. These claims are not before the state court. Thus, the parties and the claims are not the same, and the two cases are not parallel. *Compare University of Maryland*, 923 F.2d at 269 (reversing district court's abstention from a class action fraud brought by policy holders against an insolvent insurance company's auditor, because the insolvent insurance company was a party in the state suit but not the federal suit and because the state suit alleged fewer legal bases for relief) *with LaDuke v. Burlington Northern R.R. Co.*, 879 F.2d 1556, 1559 (7th Cir. 1989) (deeming cases parallel where the plaintiff sued his

employer in state court and later filed identical suit in federal court, because the cases involved identical parties and claims); *see Complaint of Bankers Trust Co. v. Chatterjee*, 636 F.2d 37, 40-41 (3d Cir. 1980) (holding that "it is important ... that only truly duplicative proceedings be avoided" and reversing district court's abstention because neither the parties nor the relief requested were identical and because the two cases employed substantially "approaches" and might "achieve potentially different results").

The basis of the *Colorado River* abstention doctrine is "wise judicial administration" for the purpose of "conservation of judicial resources and comprehensive disposition of litigation ... [where] repair in state court would clearly serve an important countervailing interest." *Ryan*, 115 F.3d at 195-96 quoting *Colorado River*, 424 U.S. at 813, 817.  Here, Defendant-Aon is the only defendant that seeks a *Colorado River* stay because only Aon is a defendant in the pending state suit.  The stay would not apply to the many other defendants in this federal action.  Whether or not a stay were granted as to Aon, the action before this Court would proceed along with the pending state action.

Conservation of judicial resources and comprehensive disposition of litigation would not result from such a stay.  In fact, it could be inefficient for this Court to abstain from adjudicating with respect to Aon because the state court, in exercising its duty to safeguard all class members, may not find the pending state settlement to be fair and may not approve it; consequently, discovery and other aspects of this federal litigation would have gone forward with respect to all defendants but Aon.  "Wise judicial administration" requires Aon to participate in this federal litigation.

## CONCLUSION

The Court has found that the federal case before this court and the similar state case are not "truly duplicative," and it would not be efficient to grant the stay Defendant-Aon seeks.[1]

Accordingly, **IT IS** on this 24th day of June 2005,

**ORDERED** that Defendant's motion to stay federal proceedings under the *Colorado River* abstention doctrine is **DENIED**.[2]

/s/ Faith S. Hochberg

_____
**HON. FAITH S. HOCHBERG, U.S.D.J.**

---

[1] Because the Court finds that the cases are not truly duplicative, the abstention inquiry need not analyze the additional *Colorado River* factors: (1) the desirability of avoiding piecemeal litigation where a strongly articulated federal policy against piecemeal litigation exists in the specific context of the case under review, (2) whether the state court assumed *in rem* jurisdiction over property involved, (3) the inconvenience of the federal forum, (4) the sequence in which jurisdiction was obtained by the concurrent forums, (5) whether state or federal law provides the rule of decision, and (6) whether the state court would adequately protect the plaintiffs' rights at issue. *Ryan*, 115 F.3d at 196-97 (citations omitted). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required ... only the clearest of justifications will warrant dismissal." *Grode v. Mut. Fire, Marine and Inland Ins. Co.*, 8 F.3d 953, 956 (3d Cir. 1993) quoting *Colorado River*, 424 U.S. at 818-19.

[2] For the same reasons that the Court does not stay proceedings under *Colorado River*, the Court also refrains from staying under any general discretion. The Court will consider an appropriate *res judica* or collateral estoppel application if the state settlement is approved and becomes a final judgment.